UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EURYIA DIABLO MOBLEY,

    Plaintiff,

vs.                               Case No. 8:08-CV-1671-T-17TGW

CITY OF TAMPA, COUNTY OF
HILLSBOROUGH,

    Defendants.
_____/

## ORDER ON DEFENDANT CITY OF TAMPA'S MOTION TO DISMISS

This cause is before the Court on Defendant City of Tampa's motion to dismiss pro se Plaintiff Euryia Mobley's 42 U.S.C. § 1983 civil rights complaint alleging that the City of Tampa violated his constitutional rights. (Doc. No. 11).

Mobley alleges that the Defendants violated his Fourth Amendment rights when they unreasonably seized his dogs and violated his Fourteenth Amendment rights when they denied him the right to be heard with regard to his dogs being destroyed. Mobley also claims that Defendants were negligent under "Florida statute § 828.073 pursuant to 28 U.S.C. § 1367, supplemental jurisdiction."

In support of his allegations, Mobley claims:

On November 16, 2004, Hillsborough County, a political subdivision of Florida, and the City of Tampa, acting under color of state law, seized three of Plaintiff's dogs from his home at 8718 N. Brooks Street, Tampa, Fla. 33604. After the Plaintiff and

his fiancé were arrested, employees of Hillsborough County and the City of Tampa removed the dogs because no one remained at the residence to care for them. On December 2, 2004, the Defendant, Hillsborough County, through one of its agencies, the Hillsborough County Animal Services, acting under color of state law, committed an unreasonable seizure, under the Fourth Amendment of the Constitution, by taking Plaintiff's three dogs and destroying them without giving the Plaintiff his right to be heard under the Due Process Clause of the Fourteenth Amendment. Plaintiff was not afforded a hearing before a court having jurisdiction over the matter concerning the destruction of his dogs in violation of Plaintiff's Fourth and Fourteenth Amendments.

Plaintiff claims he did not receive adequate due process after his dogs were seized. Plaintiff also claims he did not receive a hearing prior to or after the seizure of his dogs. The Defendant, City of Tampa, through its employees failed to prevent Hillsborough County from killing Plaintiff's dogs after City employees contacted them to remove the dogs for the dogs' protection, due to Plaintiff's and his fiancé's being away from their residence while in jail. Plaintiff further contends that he had a Due Process right to be heard regarding the unreasonable seizure of his dogs prior to their being destroyed by the Defendants.

Plaintiff seeks money damages and trial by jury.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint filed pro se is to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 102; *Erikson v. Pardus*, 551 U.S. 89 (2007); Fed. R. Civ. P. 8(f). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F.Supp.2d 1276, 1280 (M.D. Fla. 2002). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Illinois, ex rel. Madigan v. Telemarketing Associates, Inc.*, 538 U.S. 600, 618 (2003). At this stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.*

The City of Tampa's motion to dismiss will be granted because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" against the City of Tampa.

## DISCUSSION

### Fourth Amendment

Mobley fails to state a cause of action under the Fourth Amendment because the facts alleged do not establish an unreasonable seizure. Further, Plaintiff fails to establish that the City of Tampa was the moving force behind any alleged constitutional violation based on any policies or customs of the City. *See Monell v.*

*Department of Social Services,* 436 U.S. 658 (1978). Plaintiff alleges that the City of Tampa failed to prevent Hillsborough County from killing his dogs; however, nothing supports the assertion that the City of Tampa had an obligation to do so. Furthermore, Mobley has not shown that the removal of the dogs from his residence was an unreasonable seizure of the dogs.

### Fourteenth Amendment

Mobley alleges that he was denied his Fourteenth Amendment right to procedural due process because he was not given notice or the proper opportunity to be heard prior to his dogs' being destroyed. Mobley fails to state a cause of action against the City of Tampa for this alleged violation because Hillsborough County was the entity in possession of Mobley's dogs, and was the entity to give notice or to hold a hearing on this matter.

Accordingly, the Court orders:

That the City of Tampa's motion to dismiss (Doc. No. 11) is granted.

The Clerk is directed to enter judgment for the City of Tampa.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this ___6___ day of April, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record