UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EURYIA DIABLO MOBLEY,

    Plaintiff,

v.                                              Case No. 8:08-cv-1671-T-17TGW

COUNTY OF HILLSBOROUGH FLORIDA,
CITY OF TAMPA,

    Defendants.

_____

## ORDER

This cause is before the Court on a motion for summary judgment by Defendant Hillsborough County (County) in response to *pro se* Plaintiff Euryia Mobley's 42 U.S.C. § 1983 civil rights complaint alleging that Defendant violated his constitutional rights.

Mr. Mobley alleges that the County violated his Fourth Amendment rights when its Animal Services Department unreasonably seized three dogs residing with Mr. Mobley and his fiancée, Elizabeth Ramos, and violated his Fourteenth Amendment rights when he was denied the right to be heard before his dogs were destroyed. Mr. Mobley also asks the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a state law claim of negligence.

## *PROCEDURAL HISTORY*

Plaintiff initiated this action on August 25, 2008, by filing a complaint against the City of Tampa, Florida, and the County of Hillsborough, Florida. In response, Defendant City of Tampa (City) filed a motion to dismiss Plaintiff's claims on December 13, 2008. This Court granted the

City's motion, ruling that the City was not the driving force behind the events giving rise to the Complaint, and had no obligation to interfere with the County's actions.

On May 21, 2009, Defendant County filed a motion for summary judgment, with an attached affidavit by Animal Services Officer Loretta Magee. Although the Case Management Report stated that dispositive motions "should be filed on or before" April 20, 2009, no Case Management Order was issued by this Court, and the April 20 deadline was not binding. In response to County's summary judgment motion, Plaintiff moved for an extension of time to procure an affidavit from Ms. Ramos stating that she was never notified that the dogs were seized. Plaintiff's motion for extension of time was granted, but he has failed to produce any statement from Ms. Ramos.

## *STATEMENT OF FACTS*

On November 16, 2004, Plaintiff Mobley and his fiancée were arrested in their home at 8718 N. Brooks Street in Tampa on various charges. They were taken into custody. Officials from the Animal Services Department assumed control of three pit bull terriers in the home, because the arrest left the dogs uncared for, and Animal Services had reason to suspect the animals had been abused and poorly cared for.

Ms. Magee stated in her affidavit that she notified Ms. Ramos verbally of the procedure regarding impounded animals.[1] Ms. Magee further stated that she posted written notice of the impoundment procedure on the door of the residence. She provided a copy of the notice as an exhibit in her affidavit. Plaintiff disputes that Ms. Ramos was ever notified either verbally or in writing, but has failed to secure a statement from Ms. Ramos to that effect. The dogs remained

---

[1] The County Board has established that "[a]nimals impounded with identification will be held fourteen (14) days" after being impounded. Hillsborough County Board Policy 09.06.03.00. After such time, animals may be selected for adoption or euthanized. *Id.*

2

unclaimed after the two-week period expired, and Animal Services euthanized them pursuant to County Ordinance after sixteen days.

## *STANDARD OF REVIEW*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

No genuine issue of material fact exists when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). All evidence is to be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from the evidence. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The moving party has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). However, once the moving party has met that burden, the non-moving party cannot rest on the Complaint alone; it must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 477 U.S. at 586.

## *DISCUSSION*

### I. Fourth Amendment Claims

In order to prevail on his Fourth Amendment claims, Mr. Mobley would need to show that the seizure of his dogs was unreasonable. While Plaintiff is correct that a dog is considered

3

property subject to protection from unreasonable seizure, Altman v. City of High Point, N.C., 330 F.3d 194, 200-201 (4th Cir. 2003), he has failed to establish the unreasonableness of the seizure. The County had ample reason to seize the dogs. After Mr. Mobley and Ms. Ramos were arrested, no one was left in the residence to care for the dogs, and evidence at the home suggested that the dogs had been improperly cared for and abused. Even without evidence of improper care or abuse, the County had reason to assume control of the dogs, as they would otherwise have been left alone in Mr. Mobley's home.

Further, the County was acting properly pursuant to a County Ordinance authorizing Animal Services to impound companion animals. Animal Services can impound an animal when it appears abandoned, or when any of a number of ordinances appear to have been violated, including prohibitions on cruelty to animals and inhumane treatment of animals. County Code § 4-40.12; *see also* FLA. STAT. § 828.073.

The Ordinance defines abandon as "to forsake an animal entirely or to neglect or refuse to provide or perform the legal obligations for care and support of the animal." County Code § 4-27. It was reasonable for Animal Services officers to consider the dogs abandoned, since they suspected that they had been neglected, and since no one would be left to care for them after the arrest of Mr. Mobley and Ms. Ramos. Animal Services also had reason to suspect that an animal cruelty ordinance had been violated. Since the County was acting in accordance with county law on impounding the dogs, their seizure was not unreasonable as contemplated by the Fourth Amendment.

## II. Fourteenth Amendment Claims

Plaintiff alleges that he was denied due process under the Fourteenth Amendment by not being afforded notice or the opportunity to be heard with regard to the impoundment and

4

subsequent destruction of his dogs. While Plaintiff argues that a genuine issue of material fact exists as to whether notice was provided, this is not the case. Defendant has met its burden by providing the affidavit of the Animal Services Officer who seized the dogs stating that she verbally informed Ms. Ramos of the impoundment and her rights to reclaim the dogs. Defendant has further provided a copy of a written notice that was attached to the door of the residence. Plaintiff has failed to produce any evidence in response, and instead reiterates the allegations in his Complaint.

Plaintiff argues instead that had Animal Services notified Ms. Ramos verbally of the impoundment, there would be no need to post written notice, as any notice requirement would already have been satisfied. However, this Court cannot fault the County for being prudent in notifying pet owners as to their rights. Further, the notice attached to Plaintiff's door was entitled "Courtesy Notice," suggesting that it was not the only notice provided.

In addition to lack of notice, Plaintiff also complains that he did not receive a hearing regarding the destruction of the dogs. Plaintiff had the opportunity to request a hearing after the dogs were impounded under state law. FLA. STAT. § 828.073. However, Plaintiff failed to exercise his right to a hearing under state law.

### III. Negligence Claims

Finally, Plaintiff asks the Court to exercise supplemental jurisdiction over a negligence claim under state law. This Court need not consider the merits of Plaintiff's state law claim, and the claim is time-barred. Florida law provides that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . within 3 years after such claim accrues . . . ." FLA. STAT. § 768.28(6)(a) (2006). Since the actions giving rise to Plaintiff's claims occurred on November

16, 2004, the state law claim in his August 25, 2008 Complaint is time-barred.

## CONCLUSION

For all the above-stated reasons, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 20) is granted. The Clerk is directed to enter judgment against Plaintiff Mobley and to close this case.

ORDERED at Tampa, Florida, on _July 9th_, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Euryia Mobley